JS 44  (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DEBRA BAHR

**DEFENDANTS**

PROPHARMA GROUP LLC

**(b)** County of Residence of First Listed Plaintiff    Burlington County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Johnson County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Brian C. Farrell, Esq.; Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215-545-7676

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability   ☐ 368 Asbestos Personal | | ☐ 840 Trademark | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine    Injury Product | | | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product    Liability | **LABOR** | **SOCIAL SECURITY** |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability   **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud |    Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |    Product Liability   ☐ 380 Other Personal |    Relations | ☐ 864 SSID Title XVI |    Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal    Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |    Injury   ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury -    Product Liability |    Leave Act | | ☐ 893 Environmental Matters |
| |    Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** |    Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** |    Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment   ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Sentence | |    26 USC 7609 |    Agency Decision |
| ☐ 245 Tort Product Liability |    Accommodations   ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | |    State Statutes |
| |    Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |    Other   ☐ 550 Civil Rights |    Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"), 29 U.S.C. §621 et seq. ("ADEA"), and N.J.S.A. 10:5-1, et seq. ("NJLAD")

Brief description of cause:
Plaintiff brings this action against Defendant for unlawful discrimination in connection with her age and sex.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
5/23/17

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEBRA BAHR**<br>**Crosswicks, NJ 66210** :<br>: | **CIVIL ACTION NO.** |
| **Plaintiff,** : | |
| **v.** : | |
| **PROPHARMA GROUP LLC**<br>**8717 W. 110th Street**<br>**Overland Park, KS** :<br>**Defendant.** : | **JURY TRIAL DEMANDED** |

**COMPLAINT**

**I.      INTRODUCTION**

Plaintiff, Debra Bahr ("Plaintiff"), brings this action against her former

employer, ProPharma Group LLC ("Defendant"), for unlawful age and sex

discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act,

as amended 29 U.S.C. §621 *et seq.*  ("ADEA"), and the New Jersey Law Against

Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").  Plaintiff seeks damages,

including compensatory, liquidated, punitive, and all other relief under federal

laws prohibiting discrimination in employment and as this Court deems

appropriate.

**II.      PARTIES**

1.      Plaintiff, Debra Bahr, is an individual and a citizen of the State of

New Jersey.

2.      Plaintiff is female.

3.      Plaintiff was fifty-nine (59) years of age at the time of her termination.

4.      Defendant, ProPharma Group LLC ("Defendant"), is a Kansas corporation with a principal place of business located at 8717 West 110th Street, Suite 300, Overland Park, Kansas 66210.

5.      At all times material hereto, Plaintiff worked for Defendant out of her home in Crosswicks, New Jersey.

6.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

7.      At all times material hereto, Defendant employed more than twenty (20) employees.

8.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.   JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under the ADEA, Title VII, and NJLAD.

12.     The District Court has federal question jurisdiction over the ADEA claim (Count I) and Title VII claim (Count II) pursuant to 28 U.S.C. §1331.

13.     This Court has supplemental jurisdiction over the NJLAD claim (Count III) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in this District Court under 28 U.S.C. §1391(b).

15.     On or about October 24, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

16.     On or about December 6, 2016, Plaintiff filed a Second Charge of Discrimination with the EEOC. This Charge was cross-filed with the PHRC. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17.     On or about February 24, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein and marked as Exhibit "3" is a true and correct copy of the Notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.   **FACTUAL ALLEGATIONS**

19.   Plaintiff was employed by Defendant from on or about March 19, 2014 until on or about August 8, 2016, the date of her unlawful termination.

20.   Throughout the course of her employment, Plaintiff held the position of Business Development Manager ("BDM"). In this role, Plaintiff was responsible for, *inter alia*, implementing a business development plan for Defendant's Northeast Region to help identify and position Defendant to successfully bid for work with new clients. In addition to developing new relationships, Plaintiff was also responsible for positioning Defendant to grow existing accounts (both active and inactive).

21.   Starting on or about April 15, 2015, Plaintiff began reporting to Steve Swantek ("Swantek") (male, 50's), Senior Vice President of Business Development.

22.   On or about October 12, 2015, Swantek told Plaintiff that Ted Shonek ("Shonek") (male, 50's), then Regional Business Development Manager, would begin "coaching" Plaintiff in Swantek's stead amid Swantek's busy schedule.

23.   At all times material hereto, Plaintiff performed her job duties in a highly competent manner.

24.   For example, in her 2014 performance review, Defendant described Plaintiff as follows, in relevant part:

> Debra has a great talent for understanding a customer's needs and translating that into an actionable plan for how ProPharma Group can propose to help meet those needs. Wonderful visionary thinker who can also communicate that vision to others.

4

. . .

> Debra is one of the most organized people that I have seen in business development. She is action oriented and deeply cares about both company and individual performance. She takes a great deal of pride in her work and consistently tries to collaborate with and include other members of the team. She has excellent communication skills and presents herself in a very professional manner.

25.     In her 2015 performance review, issued on December 9, 2015, Defendant gave Plaintiff an "Achieved Expectations" grade and noted, in relevant part, "Debra is a highly experienced BD professional who creates and maintains relationships with prospective clients that put ProPharma Group in an advantageous position to win business."

26.     During Plaintiff's employment, Defendant's demographics evidenced a bias against female employees in leadership and business development positions. Specifically, Defendant's entire leadership team was male; there was only one (1) female Vice President out of four (4) Vice President positions; all Senior Directors were male; there was only one (1) female Director out of eight (8) Director positions; and Plaintiff was one (1) of only two (2) female business development managers.

27.     On or about January 5, 2016, Plaintiff received an email from Defendant advising that Plaintiff would now report to Shonek on a permanent basis, as Shonek had been promoted.

28.     Thereafter, Plaintiff was also the oldest business development manager reporting to Shonek.

29.     Defendant never advertised or posted for Shonek's position.

Therefore, Plaintiff was not given the opportunity to apply.

30.     Defendant did not provide a reason why it failed to consider Plaintiff for Shonek's position.

31.     Plaintiff was qualified for Shonek's position. In fact, when Shonek joined Defendant in or about July 2014, Defendant asked Plaintiff to "mentor" Shonek as Plaintiff had more experience than him.

32.     Moreover, Shonek acknowledged publicly on more than one occasion that Plaintiff had superior experience in the life sciences industry and was particularly adept at leveraging relationships with senior executives at target companies.

33.     Shortly after Shonek began "coaching" Plaintiff, and continuing during the time between January 5, 2016 and June 15, 2016 when Shonek was Plaintiff's direct supervisor, Defendant subjected Plaintiff to the following discriminatory treatment:

a.     Shonek singled Plaintiff out among his reports for micromanagement of her daily activities;

b.     Shonek continually gave conflicting instructions to Plaintiff regarding the performance of her duties. By way of example, when Plaintiff's sales figures were strong, he told Plaintiff to stop trying to book sales and instead focus on "pipeline" development. When Plaintiff's "pipeline" was strong, Shonek selected other aspects of Plaintiff's performance for criticism. Plaintiff's substantially younger, male colleagues were not subjected to this treatment;

c. Plaintiff's substantially younger, male colleagues were given substantial resources, including ready access to subject matter experts ("SMEs"). SMEs were often critical to securing business for Defendant. Without routine access to SMEs, Defendant inhibited Plaintiff's ability to successfully perform her job duties;

d. Shonek sought to embarrass Plaintiff among her peers, customers and superiors, by, for example, requiring Plaintiff to copy him on routine communications (both internal and external) even though Plaintiff had not received feedback that any of her prior communications were problematic; and,

e. Shonek instructed Plaintiff to bring him to meetings with clients and potential clients during June 2016. Shonek did not require this of his other direct reports.

34. On or about June 15, 2016, Shonek advised Plaintiff that Plaintiff's employment would be terminated effective August 5, 2016.

35. Defendant's stated reason for her termination was that her "pipeline" was not "strong enough."

36. However, at the time of Plaintiff's termination, Plaintiff had approximately $13 million in her pipeline.

37. Additionally, at least two (2) of Plaintiff's substantially younger, male peers had substantially smaller pipelines over the course of Plaintiff's tenure with Defendant and were not likewise terminated.

38. Upon information and belief, following Plaintiff's termination,

Plaintiff's substantially younger male colleagues and Shonek assumed her territory and job duties.

39.    Defendant's stated reason for Plaintiff's termination was a pretext for unlawful discrimination.

40.    Plaintiff's age (59) was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including Defendant's non-promotion and termination of Plaintiff's employment.

41.    Plaintiff's sex (female) was a motivating and determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including Defendant's non-promotion and termination of Plaintiff's employment.

42.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – ADEA

43.    Plaintiff incorporates herein by reference paragraphs 1 through 42 above, as if set forth herein in their entirety.

44.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

45.    Said violations were willful and warrant the imposition of liquidated damages.

46.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

47.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

48.     No previous application has been made for the relief requested herein.

## COUNT II - Title VII

49.     Plaintiff incorporates herein by reference paragraphs 1 through 48 above, as if set forth herein in their entirety.

50.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

51.     Said violations were intentional and warrant the imposition of punitive damages.

52.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

53.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

54.     No previous application has been made for the relief requested herein.

## COUNT III
## <u>NJLAD</u>

55.     Plaintiff incorporates paragraphs 1 through 54 as if set forth herein in their entirety.

56.     Defendant violated the LAD by discriminating against Plaintiff.

57.     Members of upper management of Defendant had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein.

58.     Defendant's wrongful actions were especially egregious, warranting the imposition of punitive damages.

59.     As a direct and proximate result of Defendant's violations of the LAD, Plaintiff has suffered the damages and losses set forth herein.

60.     Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's discriminatory and unlawful acts unless and until this Court grants the relief requested herein.

## <u>RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Debra Bahr, and against Defendant, ProPharma Group, LLC:

a.     declaring the acts and practices complained of herein to be a violation of the ADEA;

b.     declaring the acts and practices complained of herein to be a violation of Title VII;

      c.      declaring the acts and practices complained of herein to be a violation of the LAD;

      d.      enjoining and restraining permanently the violations alleged herein;

      e.      awarding damages to Plaintiff for the past and future economic losses that she has suffered;

      f.      awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

      g.      awarding liquidated damages to Plaintiff pursuant to the ADEA;

      h.      awarding Plaintiff punitive damages pursuant to the LAD and Title VII;

      i.      awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

      j.      awarding Plaintiff such other damages as are appropriate under the ADEA, Title VII, and the LAD and federal and state law; and

      k.      granting such other and further relief as this Court deems appropriate.

CONSOLE MATTIACCI LAW LLC

Dated: May 23, 2017      BY: _____

Brian Farrell
1525 Locust St., 9th Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 545-2851 (fax)
Attorney for Plaintiff,
Debra Bahr

# Exhibit 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q   FEPA<br>X   EEOC | |

STATE OR LOCAL AGENCY:

| NAME (Indicate Mr., Ms., Mrs.)<br>**Debra Bahr** | TELEPHONE NUMBER *(Include Area Code)*<br>**609.477.6069** |
|---|---|

| STREET ADDRESS ▓▓▓▓▓▓▓▓ | CITY, STATE AND ZIP<br>**Crosswicks, NJ 08515** | DATE OF BIRTH ▓▓▓▓ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**ProPharma Group LLC**<br>**(CP works out of her home office)** | NUMBER OF EMPLOYEES, MEMBERS<br>**>150** | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS<br>**29 Bordentown-Crosswicks Road** | CITY, STATE AND ZIP<br>**Crosswicks, NJ 08515** | COUNTY<br>**Burlington** |
|---|---|---|

| NAME<br>**SEE ADDITIONAL RESPONDENT INFORMATION ON PAGE 2** | |
|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race   Color   **X Sex**   Religion   National Origin<br>Retaliation   **X Age**   Disability   Other | DATE DISCRIMINATION TOOK PLACE<br>Continuing Violation<br>Latest Date: August 8, 2016 |
|---|---|

**THE PARTICULARS ARE:**
   **A. Relevant Work History**

   I was hired by ProPharma Group LLC ("ProPharma" or "Respondent") on or about March 19, 2014 as Business Development Manager for Respondent's North East Region ("BDM"). Respondent is a comprehensive compliance services company serving companies subject to regulatory compliance in the pharmaceutical, biotechnology, and medical device industries. As BDM, I was responsible for implementing a Regional Business Development Plan for the assigned region to identify and position Respondent to successfully bid for work with new clients. In addition to developing new relationships, I was responsible for positioning Respondent to grow existing accounts (both active and inactive).

| __ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) |
|---|---|
| | I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Date: *10/24/16*     Charging Party *(Signature)*<br><br>*Debra Bahr* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**EEOC Charge of Discrimination**
Page **2** of **5**

**Additional Respondent Information**

Pro Pharma Group LLC
Midwest Office
8717 W. 110th St, Suite 300
Overland Park, KS 66210
(913) 661-1662

**EEOC Charge of Discrimination**
Page 3 of 5

From the time of my hire until December 31, 2014, I reported to Hardip Dosange ("Dosange") (male, 40's), then Head of Business Development and Marketing. Beginning on or about January 1, 2015, my role changed to National Accounts Manager for six (6) client companies and I began reporting to Jeff Hargroves ("Hargroves") (male, 40's). Approximately four months later, on or about April 15, 2015, I began reporting to Steve Swantek ("Swantek") (male, 50's), Senior Vice President of Business Development. On or about October 12, 2015, Swantek instructed me that Ted Shonek ("Shonek") (male, 50's) then Regional Business Development Manager, would be "coaching" me in Swantek's stead amid his busy schedule. Prior to Swantek's instruction, Shonek and I were peers. On or about January 5, 2016, I received an email from Respondent advising me that I would now report to Shonek on a permanent basis as Shonek had been promoted.

At all material times, I performed my duties in a consistently exemplary manner. By way of example only, in 2015, I received the second highest of four possible rankings for my performance. At that time Swantek (my direct supervisor for the majority of 2015) wrote, "Debra is a highly experienced BD (business development) professional who creates and maintains relationships with prospective clients that put ProPharma Group in an advantageous position to win business." Moreover, I met my objectives for both 2014 and 2015 and earned commission for targeted goals.

1. **Harm Summary**

A. I believe Respondent has discriminated against me because of my sex (female) and age (59) and the combination thereof, including in connection with Respondent's failure to promote me and my termination. Evidence of discriminatory conduct includes, but is not limited to, the following:

   1. Respondent's demographics evidence a bias against female employees in leadership and/or business development positions. By way of example only, Respondent's entire leadership team is male; there is only one female Vice President (out of four Vice President positions); all Senior Directors are male; there is only one female Director (out of eight Director positions); and, following my termination, there is only one female Business Development Manager.

   2. At all times material hereto, I was one of two female business development managers.

   3. I was the oldest business development manager reporting to Shonek.

   4. On or about January 5, 2016 Respondent announced that Shonek was promoted to Business Development Director. Amid his promotion, he became my direct supervisor.

**EEOC Charge of Discrimination**
Page 4 of 5

5. Respondent never advertised or posted for Shonek's position. Therefore, I was not given the opportunity to apply.

6. Respondent did not provide a reason why it failed to consider me for Shonek's position.

7. I am qualified for Shonek's position. In fact, when Shonek joined Respondent in or about July, 2014, Respondent asked me to "mentor" him as I had more experience than Shonek.

8. Shonek acknowledged publicly on more than one occasion that I had superior experience in the life sciences industry and was particularly adept at leveraging relationships with senior executives at target companies.

9. Shortly after Shonek began "coaching" me and continuing during the time between January 5, 2016 and June, 15, 2016 when Shonek was my direct supervisor, Respondent subjected me to the following discriminatory treatment:

   a. Shonek singled me out among his reports for micromanagement of my daily activities;

   b. Shonek continually gave conflicting instructions to me regarding the performance of my duties. By way of example, when my sales figures were strong he told me to stop trying to book sales and instead focus on "pipeline" development, when my "pipeline" was strong he selected other aspects of my performance for criticism. My substantially younger, male colleagues were not subjected to this treatment;

   c. My substantially younger, male colleagues, were given substantial resources, including ready access to subject matter experts ("SMEs"). SMEs were often critical to securing business for Respondent. Without routine access to SMEs, Respondent was inhibiting my ability to successfully perform my job duties;

   d. Shonek sought to embarrass me among my peers, customers and superiors, requiring that I copy him on routine communications (both internal and external) even though I had not received feedback that any of my prior communications were problematic; and,

   e. Shonek instructed me that I had to bring him to the meetings I had scheduled with clients/potential clients during June, 2016. He did not require this of his other direct reports.

10. On or about June 15, 2016, while traveling on behalf of Respondent, Shonek advised me (while we were both sitting in a car) that I was being terminated effective August 8, 2016.

**EEOC Charge of Discrimination**
Page 5 of 5

11. Respondent's stated reason for my termination was that my "pipeline" wasn't strong enough. At the time of my termination, I had approximately $13 million in my pipeline.

12. At least two of my substantially younger, male peers had substantially smaller pipelines over the course of my tenure with Respondent and yet, they were not terminated.

13. To the best of my knowledge, following my termination, my substantially younger male colleagues and Shonek have assumed my territory and duties following my termination.

B.  **Respondent's Stated Reason**

Respondent's stated reason for my termination, "insufficient pipeline," is pre-textual. No other reason has been provided. Thus, Respondent has not provided a legitimate, non-discriminatory reason for the discriminatory treatment to which I have been subjected, including in connection with Respondent's failure to promote me and my termination.

C.  **Statutes and Bases of Allegations**

I believe Respondent has discriminated against me because of my sex and age and the combination thereof in violation of the Age Discrimination in Employment Act, as amended 29 U.S.C. §621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.*, ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

# Exhibit 2

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | AGENCY<br>Q   FEPA<br>X   EEOC | CHARGE NUMBER |
|---|---|---|

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., Ms., Mrs.)<br>**Debra Bahr** | TELEPHONE NUMBER *(Include Area Code)*<br>**609.477.6069** |
|---|---|

| STREET ADDRESS          CITY, STATE AND ZIP<br>▮▮▮▮▮▮▮▮▮   **Crosswicks, NJ 08515** | DATE OF BIRTH<br>▮▮▮▮▮▮ |
|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**ProPharma Group LLC**<br>**(CP works out of her home office)** | NUMBER OF EMPLOYEES, MEMBERS<br>**>150** | TELEPHONE (Include Area Code) |
|---|---|---|

| STREET ADDRESS                CITY, STATE AND ZIP<br>**29 Bordentown-Crosswicks Road   Crosswicks, NJ 08515** | COUNTY<br>**Burlington** |
|---|---|

| NAME<br>**SEE ADDITIONAL RESPONDENT INFORMATION ON PAGE 2** | |
|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race    Color   **X Sex**    Religion    National Origin<br>Retaliation    **X Age**    Disability    Other | DATE DISCRIMINATION TOOK PLACE<br>Continuing Violation<br>Latest Date: August 8, 2016 |
|---|---|

**THE PARTICULARS ARE:**

    **A.  Relevant Work History**

        I was hired by ProPharma Group LLC ("ProPharma" or "Respondent") on or about March 19, 2014 as Business Development Manager for Respondent's North East Region ("BDM").  On or about October, 3, 2016 Linden Capital Partners acquired ProPharma. Respondent is a comprehensive compliance services company serving companies subject to regulatory compliance in the pharmaceutical, biotechnology, and medical device industries.  As BDM, I was responsible for implementing a Regional Business Development Plan for the assigned region to identify and position Respondent to successfully bid for work with new clients. In addition to developing new relationships, I was responsible for positioning Respondent to grow existing accounts (both active and inactive).

| __ I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|

| I declare under penalty of perjury that the foregoing is true and correct. | |
|---|---|
| Date:          Charging Party *(Signature)*<br>*Debra Bahr* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

**Amended EEOC Charge of Discrimination**
Page **2** of **5**

**Additional Respondent Information**

Pro Pharma Group LLC
Midwest Office
8717 W. 110th St, Suite 300
Overland Park, KS 66210
(913) 661-1662

Linden Capital Partners
111 S. Wacker Drive, Suite 3350
Chicago, IL 60606

**Amended EEOC Charge of Discrimination**
Page 3 of 5

From the time of my hire until December 31, 2014, I reported to Hardip Dosange ("Dosange") (male, 40's), then Head of Business Development and Marketing. Beginning on or about January 1, 2015, my role changed to National Accounts Manager for six (6) client companies and I began reporting to Jeff Hargroves ("Hargroves") (male, 40's). Approximately four months later, on or about April 15, 2015, I began reporting to Steve Swantek ("Swantek") (male, 50's), Senior Vice President of Business Development. On or about October 12, 2015, Swantek instructed me that Ted Shonek ("Shonek") (male, 50's) then Regional Business Development Manager, would be "coaching" me in Swantek's stead amid his busy schedule. Prior to Swantek's instruction, Shonek and I were peers. On or about January 5, 2016, I received an email from Respondent advising me that I would now report to Shonek on a permanent basis as Shonek had been promoted.

At all material times, I performed my duties in a consistently exemplary manner. By way of example only, in 2015, I received the second highest of four possible rankings for my performance. At that time Swantek (my direct supervisor for the majority of 2015) wrote, "Debra is a highly experienced BD (business development) professional who creates and maintains relationships with prospective clients that put ProPharma Group in an advantageous position to win business." Moreover, I met my objectives for both 2014 and 2015 and earned commission for targeted goals.

1. **Harm Summary**

A. I believe Respondent has discriminated against me because of my sex (female) and age (59) and the combination thereof, including in connection with Respondent's failure to promote me and my termination. Evidence of discriminatory conduct includes, but is not limited to, the following:

   1. Respondent's demographics evidence a bias against female employees in leadership and/or business development positions. By way of example only, Respondent's entire leadership team is male; there is only one female Vice President (out of four Vice President positions); all Senior Directors are male; there is only one female Director (out of eight Director positions); and, following my termination, there is only one female Business Development Manager.

   2. At all times material hereto, I was one of two female business development managers.

   3. I was the oldest business development manager reporting to Shonek.

   4. On or about January 5, 2016 Respondent announced that Shonek was promoted to Business Development Director. Amid his promotion, he became my direct supervisor.

**Amended EEOC Charge of Discrimination**
Page 4 of 5

5. Respondent never advertised or posted for Shonek's position. Therefore, I was not given the opportunity to apply.

6. Respondent did not provide a reason why it failed to consider me for Shonek's position.

7. I am qualified for Shonek's position. In fact, when Shonek joined Respondent in or about July, 2014, Respondent asked me to "mentor" him as I had more experience than Shonek.

8. Shonek acknowledged publicly on more than one occasion that I had superior experience in the life sciences industry and was particularly adept at leveraging relationships with senior executives at target companies.

9. Shortly after Shonek began "coaching" me and continuing during the time between January 5, 2016 and June, 15, 2016 when Shonek was my direct supervisor, Respondent subjected me to the following discriminatory treatment:

   a. Shonek singled me out among his reports for micromanagement of my daily activities;

   b. Shonek continually gave conflicting instructions to me regarding the performance of my duties. By way of example, when my sales figures were strong he told me to stop trying to book sales and instead focus on "pipeline" development, when my "pipeline" was strong he selected other aspects of my performance for criticism. My substantially younger, male colleagues were not subjected to this treatment;

   c. My substantially younger, male colleagues, were given substantial resources, including ready access to subject matter experts ("SMEs"). SMEs were often critical to securing business for Respondent. Without routine access to SMEs, Respondent was inhibiting my ability to successfully perform my job duties;

   d. Shonek sought to embarrass me among my peers, customers and superiors, requiring that I copy him on routine communications (both internal and external) even though I had not received feedback that any of my prior communications were problematic; and,

   e. Shonek instructed me that I had to bring him to the meetings I had scheduled with clients/potential clients during June, 2016. He did not require this of his other direct reports.

**Amended EEOC Charge of Discrimination**
Page **5** of **5**

10. On or about June 15, 2016, while traveling on behalf of Respondent, Shonek advised me (while we were both sitting in a car) that I was being terminated effective August 8, 2016.

11. Respondent's stated reason for my termination was that my "pipeline" wasn't strong enough. At the time of my termination, I had approximately $13 million in my pipeline.

12. At least two of my substantially younger, male peers had substantially smaller pipelines over the course of my tenure with Respondent and yet, they were not terminated.

13. To the best of my knowledge, following my termination, my substantially younger male colleagues and Shonek have assumed my territory and duties following my termination.

B. <u>Respondent's Stated Reason</u>

      Respondent's stated reason for my termination, "insufficient pipeline," is pretextual. No other reason has been provided. Thus, Respondent has not provided a legitimate, non-discriminatory reason for the discriminatory treatment to which I have been subjected, including in connection with Respondent's failure to promote me and my termination.

C. <u>Statutes and Bases of Allegations</u>

      I believe Respondent has discriminated against me because of my sex and age and the combination thereof in violation of the Age Discrimination in Employment Act, as amended 29 U.S.C. §621 *et seq.* ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.,* ("Title VII"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

# Exhibit 3

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Debra Bahr | From: | Philadelphia District Office |
|---|---|---|---|
| | Crosswicks, NJ 08515 | | 801 Market Street |
| | | | Suite 1300 |
| | | | Philadelphia, PA 19107 |

| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-00365 | Legal Unit, Legal Technician | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Spencer H. Lewis, Jr.,
District Director

2/24/17
(Date Mailed)

Enclosures(s)

cc:

Rachel Bias Vice President of Human Resources
PROPHARMA GROUP
8717 West 110th Street, suite 300
Overland Park, KS 66210

Katherine C. Oeltjen, Esq.
CONSOLE LAW OFFICES
1525 Locust Street
9th Floor
Philadelphia, PA 19102